## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Apr 14 2015, 9:30 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Special Asst. to the State Public Defender
Wieneke Law Office, LLC
Plainfield, Indiana

ATTORNEY FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

George P. Sherman
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Bradley S. Stock,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

April 14, 2015

Court of Appeals Case No. 24A01-1410-CR-444

Appeal from the Franklin Circuit Court.
The Honorable Clay M. Kellerman, Judge.
Cause No. 24C02-1203-CM-315

**Baker, Judge.**

Brad Stock appeals his sentence for Invasion of Privacy,[1] a class A misdemeanor. After Stock pleaded guilty to the offense, the trial court sentenced him to a one-year term, with one month executed and eleven months suspended to probation. Finding that Stock's sentence is not inappropriate in light of the nature of the offense and his character, we affirm.

## Facts

On February 15, 2012, Stock received a text message from his neighbor informing him that J.S. was at Stock's home. At the time, a protective order prohibited Stock from communicating with J.S.

Stock called his son, who had been home alone before J.S. arrived. Stock's son indicated that J.S. appeared to be intoxicated and that she refused to leave. J.S. remained at Stock's home for more than an hour.

Stock left work and began to drive home. While on his way home, he noticed J.S.'s car. Stock pulled up next to the car and told J.S. to stay away from his home. He then drove away.

On March 7, 2012, the State charged Stock with class A misdemeanor invasion of privacy for violating a protective order. On January 15, 2014, Stock pleaded guilty to the charge. The trial court accepted this plea and sentenced Stock to a

---

[1] Ind. Code § 35-46-1-15.1.

term of one year, with one month executed and eleven months suspended to probation. Stock now appeals.

## Discussion and Decision

[6] On appeal, Stock challenges the appropriateness of his sentence. Under Indiana Appellate Rule 7(B), "[t]he Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." The burden is on the defendant to persuade us that his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

[7] Stock pleaded guilty to class A misdemeanor invasion of privacy for knowingly or intentionally violating a protective order. Our Code provides that "[a] person who commits a Class A misdemeanor shall be imprisoned for a fixed term of not more than one (1) year[.]" Ind. Code § 35-50-3-2. The trial court sentenced Stock to a term of one year, with one month executed and eleven months suspended to probation.

[8] As to the nature of his offense, Stock argues that he believed he was acting to protect his home. He points out that it was J.S. who effectively initiated the contact by arriving at his home and that he only spoke with her briefly to tell her to stay away. As to his character, Stock argues that he had a minimal criminal history, consisting of one battery conviction, prior to this incident.

[9] Initially, we note that eleven months of Stock's sentence have been suspended to probation. When reviewing sentences, this Court "may consider all aspects of the penal consequences imposed by the trial judge in sentencing the defendant," including the fact that a portion of the sentence has been suspended to probation. *Calvert v. State*, 930 N.E.2d 633, 643 (Ind. Ct. App. 2010) (quotations omitted).

[10] Here, although Stock maintains that J.S. initiated the contact, by the time Stock noticed J.S.'s car, she had already left his house. At this point, it was Stock who initiated the contact—choosing to violate the protective order when he could have simply driven on. Furthermore, although Stock's criminal history is not extensive, it is a criminal history nonetheless.

[11] While we agree with Stock that mitigating circumstances exist in this case, we believe that Stock's sentence is reflective of these circumstances.[2] Here, the executed portion of Stock's sentence is well below the maximum authorized by statute. Consequently, we do not find his sentence inappropriate in light of the nature of the offense or his character.

---

[2] Because the trial court did not enter a sentencing statement in this case, we are uncertain as to which factors it found to be aggravating or mitigating. *See Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007) ("Indiana trial courts are required to enter sentencing statements whenever imposing sentence for a *felony* offense.") (emphasis added). However, we infer from the fact that the trial court chose to suspend such a large portion of Stock's sentence that it found mitigating circumstances existed in this case.

[12]     The judgment of the trial court is affirmed.

Najam, J., and Friedlander, J., concur.